IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01469-CNS-STV

BO LEE, individually and as Trustee of Bo Lee Trust,

    Plaintiff,

v.

UPONOR, INC.,

    Defendant.

___

# ORDER

___

Before the Court is Defendant Uponor, Inc.'s Motion to Dismiss Or, In the Alternative, Strike Provisions of Plaintiff's First Amended Complaint and Brief In Support Thereof. ECF No. 25. For the following reasons, the Court DENIES the motion.

## I. BACKGROUND

This action arises from allegedly defective pipes installed in Plaintiff's home. ECF No. 21. In July 2019, Plaintiff began reconstruction on his house. *Id.*, ¶ 9. Otto's Plumbing, LLC provided plumbing and pipe fitting services at the home. *Id.*, ¶ 12. The water lines were installed in or around 2020, with the reconstruction completed in August 2020. *Id.*, ¶¶ 10–11. Otto's Plumbing used Uponor's AquaPex Piping, model number PEX5306 ¾ SRD (the Piping). *Id.*, ¶ 13.

At the time of installation, Uponor advertised the Piping as the highest quality PEX piping available, resistant to cracking and microcracking. *Id.*, ¶ 16. However, Plaintiff alleges that the Piping suffered from "various design and manufacturing defects," and that

1

Uponor recalled the piping in 2021 because of frequent cracking, leaking, and pipe bursts attributable to these design and manufacturing defects. *Id.*, ¶¶ 17–18.

Around January 2024, the Piping in Plaintiff's home prematurely cracked and leaked at several points, which caused damage to the home and to the piping itself. *Id.*, ¶¶ 19–20. Since the initial incident, the piping has experienced seven substantial leaks. *Id.*, ¶ 21. Plaintiff alleges that the leaks caused significant damage to the home, including water fully penetrating the home's ceiling, substantial water damage in the crawl space, and water damage to the first floor hall bathroom. *Id.*, ¶ 22. On each occasion, Plaintiff had to hire emergency repair plumbers who had to break the drywall, turn off the hot water, and replace a stretch of the defective Piping, resulting in substantial costs and loss of hot water. *Id.*, ¶¶ 23–25. Plaintiff alleges that he must replace all the water lines within the home because of the inherent defects of the Piping. *Id.*, ¶ 26.

Plaintiff brings claims for strict products liability, negligence, and breach of implied warranty. *Id.* Defendant moves to dismiss the claims or, in the alternative, to strike portions relating to certain remedies. ECF No. 25.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the dispositive inquiry is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* A court must take all the factual allegations in the complaint as true and "view these allegations in the light most favorable" to the nonmoving party. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). On a Rule 12(b)(6) motion, a court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the [] complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

### A. Federal Rule of Civil Procedure 12(f)

Fed. R. Civ. P. 12(f) governs motions to strike: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is to conserve time and resources that would be spent litigating matters that will not impact the case's outcome. *USI Ins. Servs., LLC v. Morris*, No. 22-cv-180-GPG-MDB, 2024 WL 1436316 (D. Colo. Feb. 21, 2024). Motions to strike are disfavored and are only granted in rare circumstances: when the allegations have no bearing on the controversy and the movant can show that it has been prejudiced. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). Even if the moving party meets its burden to prove that allegations in a pleading violate Rule 12(f), the Court retains discretion to grant or deny the motion. *Mueller v. Swift*, No. 15-cv-01974-WJM-KLM, 2016 WL 11692343 at *2 (D. Colo. Apr. 14, 2016). "[A]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Menapace v. Alaska Nat'l Ins. Co.*, No. 20-cv-00053-REB-STV, 2021 WL 2012324 at *5 (D. Colo. May 20, 2021). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on

3

the controversy." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).

### III.  ANALYSIS

**A.  Tort Claims**

Defendant first moves to dismiss Plaintiff's tort claims, arguing that they are barred by the economic loss rule and disclaimed by a warranty. ECF No. 25 at 1. Specifically, Defendant argues that a warranty exists that applies to Plaintiff, that the warranty disclaims liability for damages other than repair or replacement of the Piping, and that Plaintiff has not complied with the warranty and so should not recover through a lawsuit the repair or replacement costs that the warranty would have covered. *Id.*

Plaintiff first argues that its tort claims should proceed because Defendant's warranty arguments are affirmative defenses, which Defendant has the burden of proving, and the defenses are not established by the allegations in the amended complaint. ECF No. 28 at 8. The Court agrees that Defendant's affirmative defenses have not been established at this stage.

A warranty disclaimer defense is an affirmative defense. *Valley Fresh Produce, Inc. v. Skyways, Inc.*, No. 17-cv-01450-PAB-KLM, 2019 WL 4695668, at *15 (D. Colo. Sept. 25, 2019). As such, it is Defendant's burden to prove the elements of the affirmative defense by a preponderance of the evidence. *See Brownlow v. Aman*, 740 F.2d 1476, 1486 (10th Cir. 1984). At the motion to dismiss stage, a court will accept a defendant's affirmative defense only if (1) "the facts establishing the affirmative defense are apparent on the face of the complaint," *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965), or (2) "even though the facts in the complaint do not establish the affirmative defense,

4

there is no plausible scenario, based on the facts in the complaint, in which the elements of the affirmative defense will not be established." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1237 (D.N.M. 2014).

Here, based on the facts alleged in the complaint, Defendant's warranty disclaimer defense to the tort claims has not been established. The Court declines to consider the warranty in ruling on the motion to dismiss. A court can only consider a document outside of the complaint without converting a motion to dismiss to a motion for summary judgment if (1) it is referred to in the plaintiff's complaint, (2) it is central to the plaintiff's claims, and (3) its authenticity cannot be disputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, Plaintiff did not refer to the warranty in his amended complaint. The only reference to a disclaimer or any type of express warranty is the line, "Uponor did not disclaim this implied warranty." ECF No. 21, ¶ 42. This is not a reference to an express warranty. Because the warranty is not referenced in the amended complaint, the Court declines to consider the warranty at this stage, and so the warranty disclaimer defense has not been established.

Defendant then argues that the economic loss rule bars Plaintiff's claims for the repair or replacement costs of the Piping. Plaintiff counters that the economic loss rule does not apply, because the tort claims arise from independent duties of care that Uponor owes Plaintiff. ECF No. 28 at 6. The Court agrees with Plaintiff.

The economic loss rule bars tort claims that would otherwise be covered by contract claims. *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1266 (Colo. 2000) ("We hold that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an

5

independent duty of care under tort law."). However, "certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim." *Id.*

Here, the claims are based on strict liability and negligence. Other judges in this District have held that negligence and strict products liability claims are not barred by the economic loss rule because they are not based on "principles of contractual obligation but on principles of duty and reasonable conduct." *Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1183–84 (D. Colo. 2002). Because there is a separate duty, outside of contractual duties, "to act reasonably in the design, manufacture, and sale" of the product, the *Loughridge* court allowed the plaintiffs' tort claims to proceed. *Id.* Similarly here, Plaintiff has alleged that its negligence and strict products liability claims arise from a separate duty than Defendant's contractual obligations: the duty to act reasonably in the design, manufacture, and sale of the piping. The Court follows the *Loughridge* court and finds that the economic loss doctrine does not bar these tort claims.

Defendant also argues that the economic loss rule bars recovery for the repair or replacement cost of the product itself when that is the only damage that occurred, and so Plaintiff can only recover for damage to other property. However, the Tenth Circuit case that Defendant cites to support this argument explicitly cabins the economic loss rule to situations "where there is no physical injury or damage to other property." *Simantob v. Mullican Flooring, L.P.*, 527 F. App'x. 799, 804 (10th Cir. 2013). Plaintiff seeks to recover both damage to the product and damage the product has caused to other parts of the house, which Defendant concedes would not be barred by the economic loss rule, so this argument lacks merit. ECF No. 25 at 8. Furthermore, damage to the product itself is

recoverable. The Colorado Supreme Court has held that damage to the product sold is covered under the doctrine of strict liability, because "the burden of having cast a defective product into the stream of commerce falls upon the manufacturer," so it would be "inconsistent" to limit the manufacturer's responsibility to property other than the product sold. *Hiigel v. General Motors Corp.*, 544 P.2d 983, 988 (Colo. 1975). The Court denies the motion to dismiss the tort claims.

### B. Breach of Implied Warranty Claim

Defendant next argues that Plaintiff's breach of implied warranty claim should be dismissed because the warranty disclaims implied warranties and because it is barred by the statute of limitations. ECF No. 25 at 2. However, as discussed above, the complaint does not sufficiently establish the elements of a warranty disclaimer affirmative defense, so the warranty disclaimer defense also does not apply to the implied warranty claim. As to the statute of limitations defense, at the motion to dismiss stage, "a complaint may be dismissed on the basis of a statute of limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1018 (D. Colo. 2007). Here, Plaintiff does plead a set of facts that may toll the statute of limitations: fraudulent concealment.

Fraudulent concealment may toll the limitations period if a plaintiff can prove:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*First Interstate Bank, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987). Here, Plaintiff adequately pleaded fraudulent concealment: Uponor knowingly

7

concealed the Piping's tendency to premature cracking, leaking, and bursting, causing Plaintiff to purchase and keep the Piping, which then prematurely cracked and caused damage to the house. At this stage, Plaintiff may prove this set of facts sufficient to toll the statute of limitations, and so the Court declines to grant the motion to dismiss the implied warranty claim.

### C. Motion to Strike

Finally, Defendant requests that, in the alternative, the Court strike allegations pertaining to "legally unavailable damages." ECF No. 25 at 13. However, Defendant's arguments that certain damages are legally unavailable are identical to its arguments in the motion to dismiss portion of the brief: that the economic loss rule bars recovery of the cost of repairing or replacing the Piping, in light of the warranty. As discussed above, these damages are not legally unavailable and so do not warrant striking, nor are these portions of the complaint "redundant, immaterial, impertinent, or scandalous matter." The Court denies the motion to strike.

### IV. CONCLUSION

Accordingly, Defendant Uponor's motion to dismiss or to strike, ECF No. 25, is DENIED.

DATED this 9th day of December 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

8